**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARA MATTISON, *individually and on behalf of those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. AVETA, *in both his individual and official capacities*,<br><br>Defendant. | Civil Action No. 26-4191 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon two motions: (1) Plaintiff Tara Mattison's ("Plaintiff") Motion for an Order to Show Cause and Preliminary Injunction (the "PI Motion") against Defendant Christopher Aveta ("Defendant"), in both his individual and official capacities (ECF No. 2); and (2) Defendant's Motion to Dismiss[1] (ECF No. 12) Plaintiff's Complaint (ECF No. 1). Plaintiff replied in further support of her own motion (ECF No. 13) and opposed Defendant's motion (ECF No. 17). Defendant replied in further support of his motion. (ECF No. 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's PI Motion as moot.

[1] Defendant's Motion to Dismiss also serves as his opposition to Plaintiff's PI Motion. (*See* Def.'s Mot. to Dismiss, ECF No. 12.)

# I. BACKGROUND[2]

## A. Factual Background

Defendant is the President of the Middletown Township Board of Education ("the Board"), and Plaintiff is "a Middletown resident" who "wishes to speak at [the Board]'s meetings, especially with respect to the ongoing debate concerning school closures." (Compl. ¶¶ 1, 2, 3, ECF No. 1.) The Board "is a public body organized under the laws of the State of New Jersey and operates and maintains public schools in Middletown, [New Jersey]." (*Id.* ¶ 6.)

Plaintiff alleges that, consistent with "New Jersey law, [the Board's] meetings 'shall be public' and [the Board] must 'hold a meeting at least once every two months during the period in which the schools in the district are in session.'" (*Id.* ¶ 10 (quoting N.J. Stat. Ann. § 18A:10-6).) In these meetings, the Board must "set aside a portion of every meeting . . . for public comment on any . . . school district issue that a member of the public feels may be of concern to the residents of the . . . school district." (*Id.* ¶ 11 (alterations in original) (quoting N.J. Stat. Ann. § 10:4-12).) These public comments are recorded and "streamed . . . through [the Board's] YouTube Channel." (*Id.* ¶ 20.)

"[G]overning the public's participation in its meetings[,]" the Board "has adopted certain rules and regulations" pursuant to "its general powers" under New Jersey law. (*Id.* ¶ 12.) The Board's regulations include policies "designat[ing] the [B]oard president as the presiding member 'at all meetings of the [B]oard[,]'" and providing that the "superintendent and the [B]oard president . . . shall prepare the agenda for all meetings of the [Board]." (*Id.* ¶¶ 13, 14 (sixth

---

[2] For the purpose of considering Defendant's Motion to Dismiss, the Court accepts all factual allegations in the Complaint as true and considers exhibits attached to the Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013).

alteration in original) (first citing Ex. A to Compl. ("Policy 9325"), ECF No. 1; then citing Ex. B to Compl. ("Policy 9323/9324"), ECF No. 1).)

"On January 6, 2026, [Defendant] began his three-year term as a[] . . . [B]oard member." (*Id.* ¶ 15.) That same day, by a vote of 5-4, Defendant became President of the Board. (*Id.* ¶ 16.) Since that time, Defendant has "presided over . . . four [Board] meetings consistent with Policy 9325." (*Id.* ¶ 17.) For those four meetings, the Board "published an agenda that states the following as it pertains to speakers during public comment: 'A participant must be recognized by the Board President or presiding officer and must preface comments by an announcement of his/her name, address or municipality of residence, and group affiliation, if applicable.'" (*Id.* ¶ 18 (emphasis omitted) (quoting Exs. C, D, E, F to Compl. ("Board Meeting Agendas"), ECF No. 1); *id.* ¶ 19.)

On February 26, 2026, Defendant, along with other members of the Board, "voted to close certain schools in the district." (*Id.* ¶ 25.) Prior to the vote, the matter was "hotly debated at public meetings since it was first introduced on February 19, 2026, with meetings stretching for six to seven hours." (*Id.* ¶ 31.) During the meeting at which the vote took place, Defendant "interrupted a speaker who opposed school closures for exceeding the three-minute time limit and then had him surrounded by two security officers, as well as an armed Middletown police officer." (*Id.* ¶ 34.) At other meetings, the Board has asked for police involvement and has had members of the audience escorted out. (*Id.* ¶¶ 37, 38.)

Plaintiff "seeks to participate in the public debate around school closures[,]" but she "does not wish to disclose her membership or affiliation with any groups of which she is a member, which is what [Defendant] requires based on his published agendas." (*Id.* ¶¶ 40, 43.) Because Plaintiff is "[c]onflict-averse to the core," she "wants to comply with [Defendant's] rules for public comment and has no desire to be escorted out or otherwise be surrounded by anyone resembling

security." (*Id.* ¶ 42.) Plaintiff asserts that because of "this requirement[,]" she "has refrained from joining the debate on school closures at [Board] meetings[,]" and her "free speech rights have been chilled as a result." (*Id.* ¶¶ 44-45.)

**B. Procedural Background**

On April 21, 2026, Plaintiff filed her Complaint asserting two causes of action against Defendant on behalf of herself and those similarly situated: (1) violation of the First Amendment pursuant to 42 U.S.C. § 1983 ("Count One"); and (2) punitive damages for violation of the First Amendment ("Count Two").[3] (*Id.* ¶¶ 58, 81, 83.) The same day, Plaintiff filed her PI Motion seeking emergent relief. (*See generally* PI Mot., ECF No. 2.)

On April 21, 2026, the Court held a telephone conference to discuss the emergent relief sought in Plaintiff's PI Motion. (*See* Apr. 21, 2026, Text Order, ECF No. 9.) That same day, the Court denied Plaintiff's request for a temporary restraining order and issued an expedited briefing schedule for Plaintiff's PI Motion. (*Id.*) On May 5, 2026, Defendant filed his Motion to Dismiss, which also served as his opposition to Plaintiff's PI Motion. (*See generally* Def.'s Mot. to Dismiss, ECF No. 12.) Plaintiff replied in support of the PI motion (Pl.'s Reply Br., ECF No. 13) and opposed Defendant's motion (Pl.'s Opp'n Br., ECF No. 17). Defendant then replied in support of his motion to dismiss. (Def.'s Reply Br., ECF No. 18.)

---

[3] The Court notes that "'[p]unitive damages are a remedy incidental to a cause of action' and 'not a substantive cause of action in and of themselves.'" *Walstein v. Schuler*, No. 25-14491, 2026 WL 1493872, at *9 (D.N.J. May 28, 2026) (quoting *Moody v. Torres*, No. 23-20677, 2025 WL 399736, at *4 (D.N.J. Feb. 5, 2025)). "Punitive damages are, nevertheless, available in a Section 1983 action against individual capacity defendants when they 'have acted with a reckless or callous disregard of, or indifference to, the rights and safety of others.'" *Id.* (citation omitted).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure[4] 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

The parties bring two separate motions concerning whether Defendant violated Plaintiff's First Amendment right to free speech: (1) Plaintiff's PI Motion (*see generally* PI Mot.); and (2) Defendant's Motion to Dismiss (*see generally* Def.'s Mot. to Dismiss). The Court turns to Defendant's Motion to Dismiss which argues that the Complaint should be dismissed in its entirety on two grounds: (1) the Court "lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff does not have standing"; and (2) "Plaintiff cannot state a claim against Defendant as a matter of law." (Def.'s Moving Br. 7, 14, ECF No. 12-1.) Because Defendant's argument on standing is dispositive, the Court need only address the first argument.

"[T]he question of standing in the federal courts is to be considered within the framework of Article III [of the Constitution,] which restricts judicial power to 'cases' or 'controversies.'" *Township of Lyndhurst v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (alterations in original) (quoting *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 10, 151 (1970)). A party invoking federal jurisdiction bears the burden of demonstrating it has standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31 (2021).

Under Article III, a plaintiff has standing if she has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The "injury in fact" inquiry is often determinative of standing. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205 (3d Cir. 2021). "The requirements for an injury-in-fact are well established: a plaintiff must show that [she has] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *In re Plum Baby Food Litig.*, 637 F. Supp.

3d 210, 223 (D.N.J. 2022) (quoting *Lujan*, 504 U.S. at 560). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original) (citations omitted). As such, the Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Id.* (alteration and emphases in original) (citations omitted).

Defendant argues in part that Plaintiff's Complaint should be dismissed because Plaintiff cannot establish an injury-in-fact given that: (1) "[P]laintiff has not been compelled to disclose, nor did she disclose, any information about herself, including but not limited to any 'group affiliation,' since she has never spoken at a Board meeting"; (2) "the language in question was removed from the Board's agenda in late April 2026"; and (3) "[n]either Defendant . . . nor the Board has requested or required any Board meeting attendee to state his or her 'group affiliation' prior to participating in the public comment period, and no Board meeting attendee was ever denied the opportunity to participate in public comment for not stating a group affiliation[.]" (Def.'s Moving Br. 10-13.) Plaintiff argues in opposition, however, that "[t]he fact that government demands disclosure, not that it moves to enforce the demand, sufficiently imposes an injury-in-fact for purposes of Article III standing" and, here, Plaintiff suffered an injury-in-fact because the Board's disclosure requirement put her and others similarly situated "in an untenable position: if they want to speak, they must first reveal their name, town of residence[,] and their group affiliation." (Pl.'s Opp'n Br. 6-7.)

"Chilled speech or self-censorship is 'a harm that can be realized even without an actual prosecution.'" *Greenberg v. Lehocky*, 81 F.4th 376, 388 (3d Cir. 2023) (quoting *Virginia v. Am.*

*Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988)). A plaintiff, however, "cannot manufacture standing merely by inflicting harm on [herself] based on [her] fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416 (citations omitted). "Rather, a plaintiff's self-censorship confers standing only where it is objectively reasonable and fairly traceable to the challenged regulation." *Greenberg*, 81 F.4th at 388 (citations omitted).

Here, Plaintiff alleges in her Complaint that her speech was chilled by: (1) the Board's Meeting Agendas which stated that "[a] participant . . . must preface comments by an announcement of his/her name, address or municipality of residence, and group affiliation, if applicable" (Compl. ¶ 18 (emphasis omitted)); and (2) the Board's enforcement of other rules, other Board members' comments to the public, and the involvement of "police and security officers in their efforts to strictly maintain control over public meetings, especially as it pertains to the subject of school closures" (*id.* ¶¶ 64-67). Although Plaintiff alleges that she "is a member of certain groups, including those that participate in advocacy on issues of public concern" (*id.* ¶ 41), she has not alleged facts regarding: (1) how her group affiliation *is applicable* or how this rule would apply to her public comment at the Board Meetings; and (2) whether the Board has ever enforced this specific rule either in a Board meeting or through the enactment of a policy which describes the enforcement of this rule (*see generally id.*). Additionally, Plaintiff has not tried to speak at a Board meeting without disclosing such information because she is "[c]onflict-averse to the core[.]" (*Id.* ¶ 42.) Moreover, while Plaintiff pleads facts regarding an instance where a public speaker was escorted out by law enforcement for failing to comply with the Meeting Agenda's three-minute speaking period (*see id.* ¶¶ 64, 65), Plaintiff has not alleged that the Board has ever

done something similar for a speaker who failed to comply with the rule requiring disclosure of affiliation (*see generally id.*).[5]

Without allegations regarding specific instances of the "group affiliation" rule being enforced, and because the instances of the Board enforcing other rules regarding time limits are distinctly different from the rule Plaintiff complains of here, the Court finds that Plaintiff's allegations do not establish the requisite "credible threat of enforcement" and Plaintiff's self-censorship "is not objectively reasonable[.]" *Greenberg*, 81 F.4th at 388-89 (finding plaintiff's speech was not reasonably chilled "because he face[d] no credible risk that the [r]ule would be enforced against him" and his allegation of chilled speech was "largely informed by his perception of the social climate" and was not "fairly traceable" to the rule he complained of); *see also Abbott v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018) ("[A] credible threat of enforcement is critical; without one, a . . . plaintiff can establish neither a realistic threat of legal sanction if he engages in the speech in question, nor an objectively good reason for refraining from speaking and 'self-censoring' instead." (citations omitted)). Without more, the Court finds that Plaintiff fails to allege facts to establish that she has standing to maintain this suit.[6]

---

[5] Furthermore, after Plaintiff filed her Complaint and PI Motion, on or around April 22, 2026, Defendant removed "the language 'and group affiliation, if applicable'" from "the Board's agenda," and Defendant stated the language will not be included "in any agenda going forward." (Ex. B to Def.'s Mot. to Dismiss ¶¶ 10-11, ECF No. 12-6.) On April 29, 2026, the Board also issued a statement to the Middletown Township Public School ("MTPS") Community stating that it was no longer "recommending" the "planned school closings and consolidations scheduled for the 2026-2027 school year." (Ex. E to Def.'s Mot. to Dismiss, ECF No. 12-9.) The Court therefore does not see how any future injury based on this rule is "certainly impending." *See Clapper*, 568 U.S. at 409.

[6] Because the Court finds that Plaintiff lacks standing, the Court will not address Defendant's remaining arguments in favor of dismissal.

The Court, accordingly, grants Defendant's Motion to Dismiss[7] and dismisses Plaintiff's Complaint without prejudice.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss is granted and Plaintiff's PI Motion is denied without prejudice as moot. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: 9/3/2026

[7] Because the Court finds that dismissal is appropriate, it need not reach Plaintiff's PI Motion, and therefore denies it without prejudice as moot.